The STATE of Ohio, Appellee,

v.

SHARP, Appellant.

[Cite as *State v. Sharp* (1996), 109 Ohio App.3d 757.]

Court of Appeals of Ohio,
Twelfth District, Clinton County.

CA95–06–017.

Decided March 11, 1996.

758

*William E. Peelle,* Clinton County Prosecuting Attorney, and *Geoffrey J. Bradley,* Assistant Prosecuting Attorney, for appellee.

*James D. Hapner*, for appellant.

---

POWELL, Judge.

On August 18, 1994, a Clinton County police officer filed an affidavit in the Clinton County Municipal Court requesting a warrant to search the home of defendant-appellant, Donald E. Sharp. The warrant was issued, and with it police officers entered appellant's home, seizing marijuana and other controlled substances, drug paraphernalia, several firearms and ammunition.

On August 22, 1994, the grand jury charged appellant with a seven-count indictment.[1] Appellant pled not guilty to the charges in the Clinton County Court of Common Pleas and filed a motion to suppress the evidence officers found in his home. After a hearing, the trial court denied appellant's motion on February 14, 1995. On March 20, 1995, appellant pleaded no contest to two counts of drug abuse, one count of unlawful possession of dangerous ordnance and one count of trafficking in marijuana. In return, the state entered a *nolle prosequi* to the remaining counts. The trial court entered sentence on June 19, 1995.

■■■ Appellant presents a single assignment of error for review, arguing that the trial court erred in overruling his motion to suppress the evidence police officers seized from his home. Appellant asserts that the magistrate reviewing the affidavit in support of the search warrant incorrectly determined that probable cause existed. Under Ohio law, the basis for a finding of probable cause must be set forth in an affidavit sworn to before a judge of a court of record. Crim.R. 41(C). The Ohio Supreme Court has expressly adopted the totality-of-the-circumstances standard promulgated by the United States Supreme Court in *Illinois v. Gates* (1984), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, for determining the sufficiency of probable cause in an affidavit. *State v. George* (1989), 45 Ohio St.3d 325, 328–329, 544 N.E.2d 640, 643–644.

■ A careful review of the affidavit reveals that its factual basis in support of the search warrant is entirely hearsay or predicated upon hearsay. The affidavit indicates that "reliable sources" stated that appellant had been known to deal in drugs, had fired a gun on his property, and had carried firearms. Several of appellant's neighbors complained to police that vehicles frequently visited appellant's home, and "reliable sources" stated that the vehicles stayed for short

---

1. The indictment included one count of trafficking in marijuana, three counts of drug abuse, one count of illegal use or possession of drug paraphernalia, one count of unlawful possession of dangerous ordnance, and one count of dealing with persons who may sell, purchase, distribute or deliver dangerous drugs. The last count included a firearm specification.

periods of time.[2] That is not to say, however, that an affidavit which relies solely upon hearsay is necessarily insufficient.

■ Hearsay information may be considered in determining probable cause so long as the affiant presents the magistrate with the affiant's basis of knowledge and some underlying circumstances supporting the affiant's belief that the informant is credible. *George*, 45 Ohio St.3d at 329, 544 N.E.2d at 644; *Gates*, 462 U.S. at 238–239, 103 S.Ct. at 2332–2333, 76 L.Ed.2d at 548; *United States v. Ventresca* (1964), 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684. See Crim.R. 41(C).[3] Absent this showing, the determination of probable cause is in effect made by the affiant or informant rather than a neutral and detached magistrate as required by the United States and Ohio Constitutions. *Giordenello v. United States* (1958), 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503.

While the affidavit provided some basis for the informants' information in the present case, it failed to indicate any basis for believing that the informants were credible. Like the proffered basis for probable cause in *Illinois v. Gates*, the affidavit "provides virtually nothing from which one might conclude that [the informants are] honest or [their] information [is] reliable." *Gates*, 462 U.S. at 227, 103 S.Ct. at 2326, 76 L.Ed.2d at 541. Therefore, we are not satisfied that the magistrate had substantial basis for concluding that probable cause existed in this case, *George*, 45 Ohio St.3d at 330, 544 N.E.2d at 645, and hold that the magistrate erred in issuing the search warrant.

■■ We conclude, however, that the trial court properly denied appellant's motion to suppress the evidence found in his home on the basis of *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677. Under the "good faith" exception to the exclusionary rule, we are compelled to uphold searches executed pursuant to insufficient warrants where police officers objectively and

2. The visitors' short stays at appellant's home and personal experience indicated to the police officers that drug activity was afoot at appellant's home. The affidavit stated that, based upon the vehicles' license numbers, the officers determined to whom the vehicles were registered and that the officers knew from personal experience that those persons were involved with illegal drugs. The affidavit does not disclose, however, who observed the license numbers. Further, the record does not reveal one occasion in which the officers personally corroborated any of the activity reported to them by informants. Therefore, even the officers' limited investigation and use of personal knowledge was based upon hearsay and not firsthand observation.

3. Crim.R. 41(C) provides, in part, as follows:

"The finding of probable cause may be based upon hearsay in whole or in part, provided there is substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished."

reasonably rely on a neutral and detached magistrate's determination that probable cause exists. *Leon,* 468 U.S. at 922, 104 S.Ct. at 3420, 82 L.Ed.2d at 698; *State v. Wilmoth* (1986), 22 Ohio St.3d 251, 22 OBR 427, 490 N.E.2d 1236.

While appellant argues to the contrary, we cannot say that the warrant was " 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,' " or was facially deficient. *Leon,* 468 U.S. at 923, 104 S.Ct. at 3421, 82 L.Ed.2d at 699. See *George,* 45 Ohio St.3d at 331, 544 N.E.2d at 646. We find that the affidavit's defect is not so obvious that the officers could not have objectively and reasonably believed in the existence of probable cause. Therefore, the trial court did not err in denying appellant's motion to suppress the evidence found in appellant's home. Accordingly, appellant's sole assignment of error is overruled.

*Judgment affirmed.*

WALSH, P.J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

The affidavit for a search warrant was so deficient that the magistrate did not have probable cause to issue the search warrant. In this conclusion, I agree with the majority. However, I cannot believe that the "good faith" exception set forth in *Leon* is applicable. There is nothing to establish that the officers objectively and reasonably could rely upon such a defective affidavit.

The majority is in effect allowing an officer to subjectively and ultimately determine the entire issue of probable cause. This holding in effect negates a constitutional protection to which our citizens are entitled. I must dissent from the affirmation of the trial court's ruling.