OPINION
{¶ 1} Defendant-appellant, Jason Landis, appeals from his conviction and sentence in the Butler County Court of Common Pleas for eight counts relating to the possession of drugs and drug abuse instruments and one count of receiving stolen property. For the reasons outlined below, the judgment of the trial court is reversed as to sentencing only and remanded for resentencing.
 {¶ 2} On September 28, 2004, at approximately 8:30 a.m., Detective Sergeant John Bucholz of the City of Oxford Police Department interviewed a female patient at McCullough-Hyde Hospital who reported that appellant had forcibly raped her at his apartment eight hours earlier. Oxford police obtained and executed a search warrant for appellant's apartment that same day. During their search for evidence related to the reported rape, officers discovered two boxes of syringes and a box of miscellaneous pills, later determined to be various types of steroids and Viagra. Officers also seized a driver's license belonging to someone other than appellant that had been reported stolen by the owner. Appellant was indicted on the charge of rape as well as one count of receiving stolen property,[1] one count of possession of drug abuse instruments,[2] three counts of felony drug possession,[3] three counts of misdemeanor drug possession,[4] and one count of possession of dangerous drugs.[5]
 {¶ 3} Appellant filed a motion to suppress in October 2004, arguing, in relevant part, that the search warrant was not supported by sufficient probable cause and lacked particularity in its command. Finding that the officers reasonably and in good faith relied on the search warrant in conducting the search of appellant's apartment, and that the narcotics, syringes and the drivers license were in plain view during the search, the trial court denied appellant's motion to suppress.
 {¶ 4} Appellant entered no contest pleas to the eight drug possession charges and the receiving stolen property charge (hereinafter referred to as "counts two through ten") on August 29, 2005. Appellant proceeded to trial on the charge of rape and a verdict of not guilty was returned on September 1, 2005. Appellant was sentenced on his no contest pleas on October 7, 2005. The court noted that appellant had a criminal history that included prior convictions for aggravated trespass and sexual imposition. The court also noted factors related to the seriousness of the offenses and appellant's likelihood for recidivism.
 {¶ 5} The court sentenced appellant to 90 days for misdemeanor possession of drug abuse instruments, 60 days for each of the three misdemeanor drug possession offenses, 180 days for the misdemeanor possession of dangerous drugs, and ordered that the sentences run consecutive to each other. The court then sentenced appellant to prison terms of 17 months for each of the three felony drug possession offenses, ordering them to run consecutive to each other and concurrent with the misdemeanor sentences. On the felony receiving stolen property offense, appellant was sentenced to five years of community control following the completion of his prison sentence on the other offenses. The court noted that the consecutive sentences were necessary to protect the public, appropriate under the circumstances, and that minimum terms would demean the seriousness of the offenses.
 {¶ 6} Appellant filed this timely appeal raising three assignments of error. For purposes of discussion, we will address appellant's second assignment of error first.
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT SHOULD HAVE SUSTAINED THE MOTION TO SUPPRESS BECAUSE THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT FAILED TO PROVIDE PROBABLE CAUSE."
 {¶ 9} Appellant argues that the affidavit submitted in support of the search warrant for his apartment was deficient for its failure to identify the source of the factual information it contained. The affidavit, submitted by City of Oxford Police Department Detective Dennis Barter, states:
 {¶ 10} "On Tuesday, Sept. 28, 2004, late night/early morning hours [the victim] was forcibly rape [sic] at 201 E. Chestnut #208 by Jason Landis. The victim had gone to Landis' apartment to study. Landis then held her down by the throat and raped the victim. The victim was injured by the rape. She was bleeding excessively from the vaginal area. She went to McCollough-Hyde Hospital for treatment. The bleeding was so excessive that she required surgery."
 {¶ 11} The affidavit was signed by Det. Barter and submitted that same day. Appellant contends that the affidavit's failure to identify the source of Det. Barter's information constitutes a fatal deficiency to the affidavit and that it therefore fails to provide sufficient probable cause for the issuance of a search warrant. At the hearing on the motion, the trial judge denied appellant's motion to suppress, finding that although the source of Det. Barter's information was missing, the officers acted in objectively reasonable good faith reliance on the issued warrant. We agree.
 {¶ 12} In determining whether probable cause exists for the issuance of a warrant, courts employ a "totality-of-the-circumstances" test, requiring an issuing judge "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. George (1989), 45 Ohio St.3d 325, 329, quotingIllinois v. Gates (1983), 462 U.S. 213, 238. This determination is confined to the information contained in the four corners of the affidavit. See State v. O'Connor, Butler App. No. CA2001-08-195, 2002-Ohio-4122, ¶ 21.
 {¶ 13} Crim.R. 41(C) provides, in relevant part, that
 {¶ 14} "A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall * * * particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located. * * * The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing there is a factual basis for the information furnished."
 {¶ 15} In reviewing the sufficiency of probable cause in an affidavit, neither a trial court nor an appellate court should "substitute [its] judgment for that of the issuing magistrate by conducting a de novo determination" as to the existence of probable cause. George at 330. "The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id., citing Jonesv. U.S. (1960), 362 U.S. 257, 271. Any after-the-fact scrutiny should accord great deference to the issuing judge's determination and doubtful or marginal cases should be resolved in favor of upholding the warrant. Id. at 329.
 {¶ 16} While appellant argues that the affidavit presented by Det. Barter was nothing more than a "bare bones affidavit," wholly lacking indicia of probable cause, it is clear that the factual statements included in the affidavit sufficiently identify the time, date and place that the reported offense occurred as well as the victim. The affidavit also identified appellant as the offender and detailed the severity of the injuries caused to the victim. However, the factual statements are not attributed to any source. Even under a "totality-of-the-circumstances" test, this deprived the issuing judge of any information on which to determine the reliability of the factual statements in the affidavit in this case.
 {¶ 17} "The basis of knowledge and the veracity of the person supplying the hearsay information are circumstances that must be considered in determining the value of information and whether probable cause exists." State v. Prater, Warren App. No. CA2001-12-114, 2002-Ohio-4487, ¶ 7. As indicated in Crim.R. 41(C), hearsay information is relevant to the determination of probable cause "so long as the affiant presents the magistrate with the affiant's basis of knowledge and some underlying circumstances supporting the affiant's belief that the [source of the information] is credible." State v. Sharp (1996),109 Ohio App.3d 757, 760, citing George at 329.
 {¶ 18} In Sharp, this court reviewed an affidavit in which the affiant referred only to "reliable sources" of information regarding drug activity in the defendant's residence. We found that such a reference was insufficient under Crim.R. 41(C) for the purpose of providing a judge with a substantial basis for determining the source of the information to be credible and for determining that a factual basis existed for the information provided. Id. Finding the affidavit deficient, we noted that "the affidavit provides virtually nothing from which one might conclude that the informants are honest or their information is reliable." Id., see, also, State v. Wessler (Feb. 17, 1998), Butler App. No. CA96-07-131 (finding affidavit's failure to show veracity of confidential source fatal to probable cause determination), State v. Dalpiaz, 151 Ohio App.3d 257,2002-Ohio-7346 (finding officer's failure to attribute information in affidavit to a source, and complete absence of any indication of the reliability of sources, fatal to probable cause determination).
 {¶ 19} Although relating to information provided by confidential informants, the reasoning in Sharp is relevant to the situation presented by the case before us now. It is clear that Det. Barter's affidavit includes no reference to the source of the factual statements he makes regarding the rape alleged therein. It is unclear from the four corners of the affidavit whether Det. Barter obtained this information directly from the victim, from another officer who obtained it from the victim, or from some other source entirely. While we have, on review, the benefit of knowing that the source of the information was Det. Bucholz, the investigating law enforcement officer who personally interviewed the victim, nothing in the affidavit provided the issuing judge with any information on which to make a determination as to the credibility or reliability of the factual statements for the purposes of finding probable cause.
 {¶ 20} We find that the failure to identify the source of the factual statements did more than simply omit one element in a "totality-of-the-circumstances" evaluation. It deprived the issuing magistrate of any information on which to determine whether the statements were personal observations or hearsay, or to determine the credibility or reliability of the hearsay.[6] As we explained in Sharp, "[a]bsent this showing, the determination of probable cause is in effect made by the affiant or informant rather than a neutral and detached magistrate as required by the United States and Ohio Constitutions." 109 Ohio App.3d at 760, citing Giordenello v.U.S. (1958), 357 U.S. 480.
 {¶ 21} However, we find that the trial court properly denied appellant's motion to suppress on the basis of the good faith exception to the exclusionary rule established in U.S. v. Leon
(1984), 468 U.S. 897. It is well-established that the Fourth Amendment exclusionary rule will not be applied so as to bar the use of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause. George, 45 Ohio St.3d at 330, citing Leon at 918-923, 926. The George court quoted Leon in explaining that "[t]he deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which has deprived the defendant of some right. Where the official action was pursued in complete good faith however, the deterrence rationale loses much of its force." Id. at 331, quoting Leon at 919. In determining whether the good faith exception to the exclusionary rule applies, this court may look "beyond the four corners of the affidavit to determine whether the officer executing the search warrant did so in good faith reliance on the magistrate's issuance of the search warrant." O'Connor, 2002-Ohio-4122 at ¶ 21.
 {¶ 22} Suppression will, however, remain the appropriate remedy where: "(1) the judge or magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) the magistrate or judge wholly abandoned his judicial role; (3) an officer purports to rely upon a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) depending upon the circumstances of the particular case, a warrant may be so facially deficient, i.e. in failing to particularize the place or things to be searched or seized, that the executing officers cannot reasonably presume it to be valid."George at 331.
 {¶ 23} In George, the court found that the officers acted in objectively reasonable reliance on the issued warrant, explaining that where an officer has obtained a search warrant from a judge, an officer cannot be expected to question the magistrate's probable-cause determination. Id. Similarly, inSharp, this court upheld the validity of the search, stating that "the affidavit's defect is not so obvious that the officers could not have objectively and reasonably believed in the existence of probable cause." Sharp, 109 Ohio App.3d at 761, see, also, State v. Litteral (Jan. 4, 1999), Fayette App. No CA98-02-002 (finding that it was objectively reasonable for the officer to believe he had presented enough information for the magistrate to make a determination of probable cause).
 {¶ 24} In the case at bar, Det. Barter received the factual information contained in his affidavit from Det. Bucholz who had personally interviewed the victim that same morning in the hospital. We have previously recognized that "[o]bservations of fellow law enforcement officers `are plainly a reliable basis for a warrant applied for by one of their number.'" State v. Young,
Clermont App. No. CA2005-08-074, 2006-Ohio-1784. Det. Barter provided the information relayed by Det. Bucholz in the affidavit he submitted and we cannot say that, from the standpoint of the officers, it was objectively unreasonable for them to rely on the warrant issued thereon. Additionally, there is no suggestion that Det. Barter falsified or recklessly disregarded the truth of the statements in the affidavit or that the issuing judge abandoned his judicial role. Accordingly, we find that, like George andSharp before it, this case "falls squarely within the good faith exception to the exclusionary rule set forth in Leon."George at 332. As the good faith exception applies, the search of appellant's apartment was valid, and as such, we will now address appellant's first assignment of error.
 {¶ 25} Assignment of Error No. 1:
 {¶ 26} "THE TRIAL COURT ERRED WHEN IT DENIED THE SUPPRESSION MOTION BECAUSE THE EVIDENCE FROM THE SUPPRESSION HEARING FAILED TO SHOW THAT THE INCRIMINATING NATURE OF THE ITEMS RECOVERED WAS `IMMEDIATELY APPARENT.'"
 {¶ 27} Appellant argues that the state failed to show how the narcotics, syringes, and stolen driver's license, observed during the execution of the search warrant discussed above, were lawfully seized under the plain view exception to the warrant requirement. Appellant contends that the items seized were not inherently incriminating contraband and that the officers lacked sufficient probable cause to believe the items were connected with criminal activity.
 {¶ 28} When considering a motion to suppress, a trial court assumes the role of the trier of fact and is in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Spence, Butler App. No. CA2002-05-107, 2003-Ohio-4237, ¶ 10. An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. Id. However, an appellate court determines, without deference to the trial court, whether the court has applied the appropriate legal standard. Id.
 {¶ 29} The search warrant issued in this case authorized officers to search appellant's apartment for "evidence of a forcibly [sic] rape — clothing and furniture and any or all contraband." At the suppression hearing, the court found that the drug and stolen property evidence seized under counts two through ten was admissible under the plain view exception to the warrant requirement. The plain view exception authorizes the seizure of illegal objects or contraband, regardless of the existence of a warrant, if the initial intrusion leading to the items' discovery was lawful and the incriminating or illegal nature of the items was "immediately apparent." State v. Lovett, Greene App. No. 2004 CA 117, 2005-Ohio-4601, Horton v. California (1990),496 U.S. 128. The "immediately apparent" requirement of the plain view doctrine is satisfied when police have probable cause to associate an object with criminal activity. Spence at ¶ 38, see, also, State v. Halczyszak (1986), 25 Ohio St.3d 301. The requisite probable cause may arise from the character of the property itself or the circumstances in which it is discovered, and police officers may rely on their specialized knowledge, training, and experience in establishing probable cause to identify items as contraband. Halsczyszak at 304-305.
 {¶ 30} On appeal, appellant argues that the state bore the burden of proving at the suppression hearing that the drug and stolen property evidence seized, because it was not identified in the search warrant or related to the reported rape, fit into some exception to the warrant requirement. Appellant challenges the "immediately apparent" incriminating nature of the pills, syringes, and driver's license seized from his apartment and argues that the state failed to elicit sufficient facts at the hearing to support the trial court's finding that the items seized were admissible under the plain view exception. In response, the state argues that appellant failed to properly challenge the admissibility of these items at the trial court level and has therefore waived such argument on appeal. We agree.
 {¶ 31} It is true that once the party challenging the legality of a search or seizure has established that the seizure was not authorized by a warrant, the burden of production shifts to the state to establish the validity of the search. Xenia v.Wallace (1988), 37 Ohio St.3d 216, 218. However, it is also true that a "defendant must make clear the grounds upon which he challenges the submission of evidence pursuant to a warrantless search or seizure. Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal." Id.
 {¶ 32} Ohio Crim.R. 47, provides in part:
 {¶ 33} "An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit."
 {¶ 34} In Wallace, the Ohio Supreme Court explained that Crim.R. 47 operates to require that the prosecution be given notice of the specific legal and factual grounds upon which the validity of a search and seizure is challenged. Wallace at 219. The court went on to hold that "to suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." Id.
 {¶ 35} We recently applied this reasoning in State v.Pilot, Clermont App. Nos. CA2003-03-023, CA2003-03-24,2004-Ohio-3669, finding that the defendants-appellees had failed to sufficiently challenge an alleged "knock and announce" violation at the trial court level. In Pilot, the co-defendants' motions requested suppression of "any evidence gathered as a result of the search of their residence on the grounds that the officers lacked probable cause for the search." Id. at ¶ 4. After a hearing on the motions, in which the defendants elicited testimony that touched on the issue of whether the officers knocked at the door and announced their presence before entering the residence, the defendants submitted a memorandum in support of their earlier motions, arguing that the officers failed to comply with the provisions of the "knock-and-announce" rule. Id. at ¶ 5, 18. Finding the officers had violated the "knock and announce" rule, the trial court granted the defendants' motions to suppress. Id. at ¶ 19. When the state moved to reopen the evidentiary hearing on the basis that the prosecution had not been placed on sufficient notice that defendants intended to litigate the "knock and announce" issue, the court overruled it. Id. at ¶ 23.
 {¶ 36} On appeal, this court found that the defendants failed to raise the "knock and announce" issue with sufficient particularity in their motions as required by Crim.R. 47 and that, as a result, the trial court should have granted the state's motion to reopen the evidentiary hearing. Id. at ¶ 36. We explained that a motion to suppress "must give the prosecution notice of the specific factual and legal grounds upon which the defendant is challenging the admissibility of the evidence, since a prosecutor cannot be expected to anticipate them beforehand." Id at ¶ 39. Because the defendants did not raise the issue until they filed a memorandum in support of their motions after the evidentiary hearing had concluded, they deprived the state of the opportunity to respond to the issue and violated Crim.R. 47. Id. at ¶ 40, see, also, State v. Wireman, (1993),86 Ohio App.3d 451 (finding appellee's motion challenging officer's probable cause to arrest failed to sufficiently challenge the reasonableness of the initial stop).
 {¶ 37} In the case at bar, appellant's written motion challenged only the warrant itself, requesting that any and all evidence be suppressed on the basis that the search warrant was based upon a deficient affidavit that was overbroad and not sufficiently particular in its command, and based upon stale and remote allegations. Nowhere in appellant's motion did he specifically identify the narcotics, syringes or stolen driver's license as unlawfully seized, or claim that the items were seized outside the scope of the warrant. Further, appellant's motion offered no argument or factual basis for suppression of the particular items which he now challenges on appeal. The only challenge to admissibility raised by appellant's motion is the sufficiency of the warrant itself. Therefore, while the prosecutor was put on notice regarding the challenge to the sufficiency of the warrant, nothing in the motion put the prosecutor on notice that the particular items relevant to counts two through ten were being challenged as outside the scope of the warrant.
 {¶ 38} Further, at the opening of the suppression hearing, prior to testimony, the state asked for clarification on the specific intent of appellant's motion for the purpose of narrowing questioning. (T.p. 4). Appellant's counsel responded, in relevant part, "we would challenge, one, the scope of the search and whether or not there's probable cause to issue any of the three search warrants that were issued in this case." (T.p. 5). Here again, although appellant stated that he was challenging the "scope of the search," he never referred to any particular items which were arguably outside the scope of the warrant. Many items were seized pursuant to the search warrant relating to both the rape charge and the drug and stolen property offenses, but nothing in appellant's motion makes reference to any evidence that was being challenged as outside the scope of the warrant. On the basis of appellant's motion, it is conceivable that the only challenge to the "scope" of the warrant appellant intended was the degree of particularity with which the warrant directed the officers' search.
 {¶ 39} Appellant's failure to properly challenge the evidence as outside the scope of the warrant is the cause for the lack of testimony elicited at the hearing with regard to the discovery or "immediately apparent" incriminating nature of the items seized. In fact, the only testimony relating to the discovery of the narcotics was elicited in the following exchange during appellant's cross-examination of Det. Barter:
 {¶ 40} [APPELLANT'S COUNSEL]: "And there was some items seized from the residence, correct?"
 {¶ 41} DET. BARTER: "Correct."
 {¶ 42} [APPELLANT'S COUNSEL]: "And among those were a series of different types of narcotics and syringes, correct?"
 {¶ 43} DET. BARTER: "Correct."
 {¶ 44} [APPELLANT'S COUNSEL]: "And those items were found in a box?"
 {¶ 45} DET. BARTER: "They were found in a box by Sergeant Bucholz."
 {¶ 46} [APPELLANT'S COUNSEL]: "And one of the boxes in the closet and another box was under the bed?"
 {¶ 47} DET. BARTER: "It was in the bedroom, yes."
 {¶ 48} [APPELLANT'S COUNSEL]: "And the box had a top on it?"
 {¶ 49} DET. BARTER: "As I recall, yes."
 {¶ 50} We find that the only issue raised by appellant's motion was the validity of the search warrant. Appellant failed to raise the issue of the admissibility of the drug and stolen property evidence charged in counts two through ten with sufficient particularity to put the prosecutor on notice of the "specific factual and legal grounds" upon which he sought suppression of those items. Therefore, appellant's argument with regard to the admissibility of these items, as it relates to the scope of the warrant and the plain view exception, is waived on appeal.
 {¶ 51} We note that despite appellant's failure to raise the issue in his motion, it is clear that the admissibility of these items, with regard to the scope of the warrant, was considered by the trial court at the hearing. During closing argument at the motion hearing, appellant for the first time stated:
 {¶ 52} "Counts Two through Ten deal with the seizure of illegal narcotics that were found within a box within the house. In the affidavits in support of the search warrant, there is no information regarding narcotics, or contraband or anything else that should have been given authority for these officers to search for. * * * So as it relates to Counts Two through Ten and the items seized and the syringes and various narcotics, we ask that those are suppressed on the basis that no probable cause was provided in the search warrant." (T.p. 45).
 {¶ 53} In response to appellant's request, the trial court asked appellant to comment on the applicability of law regarding contraband found in plain view during the execution of a lawful search warrant. Appellant responded by arguing generally that no evidence supported the contention that the items were found in pursuit of the search warrant, or that the boxes in which they were found were lawfully searched.
 {¶ 54} Later, in the state's closing argument, the court posed the same question to the state with regard to the admissibility of the drug and stolen property evidence seized during the execution of the search warrant. The state responded that the search warrant authorized officers to search for evidence of a rape, which reasonably included clothing or evidence hidden in boxes. The state then added that when contraband and steroids are found in plain view, officers are permitted to seize the evidence. When ruling on appellant's motion to suppress, the court noted that the plain view doctrine applies to items readily identified as contraband discovered during a search.
 {¶ 55} Even if we were to say that this exchange and the fact that the issue was considered in the court's decision were sufficient to preserve a general challenge to the admissibility of the specific items in counts two through ten, the state's general response and the court's general findings are sufficiently supported under the law. We have previously recognized that a defendant's general motion to suppress requires only a general response from the state. See State v. Johnson
(2000), 137 Ohio App.3d 847, 851.
 {¶ 56} In summary, we find that appellant failed to raise the issue of the admissibility of the drug and stolen property evidence charged in counts two through ten with sufficient particularity to put the prosecutor on notice of the "specific factual and legal grounds" upon which he sought suppression of those items, and his argument as to that issue is waived on appeal. We further find that the court considered the plain view exception when finding the drug and stolen property evidence admissible, and that the state's general response to appellant's general challenge with respect to this issue was sufficient to support the trial court's decision to deny the motion to suppress. Appellant's first assignment of error is without merit.
 {¶ 57} Assignment of Error No. 3:
 {¶ 58} "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO NON-MINIMUM, CONSECUTIVE TERMS OF IMPRISONMENT."
 {¶ 59} Appellant's final assignment of error challenges the sentences issued by the trial court as contrary to law and not supported by the proper findings of fact. Specifically, appellant challenges the court's imposition of prison terms beyond the minimum and the imposition of consecutive sentences, based on factors not relevant to the offenses on which he was being sentenced.
 {¶ 60} We note that appellant was sentenced under portions of Ohio's statutory sentencing scheme which have since been deemed unconstitutional by the Ohio Supreme Court. State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Among these sections were R.C.2929.14(B) and (C) and R.C. 2929.19(B)(2) which required judicial fact finding before the imposition of sentences beyond the minimum term. Foster at ¶ 97-99. The court severed the sections from the remaining statutory provisions. Id. The court further found that R.C. 2929.14(E)(4) and R.C. 2929.41(A) required judicial fact finding before the imposition of consecutive sentences and were also unconstitutional, severing those provisions as well. Id. As a result of the court's severance of these provisions from Ohio's sentencing code, judicial fact finding prior to the imposition of a sentence within the basic ranges of R.C. 2929.14(A) is no longer required. Foster at ¶ 100.
 {¶ 61} The Foster court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing.Foster at ¶ 104. Although appellant did not challenge his sentences on the basis of Foster, the state agrees that appellant was sentenced under statutes now deemed unconstitutional and must be resentenced. Consequently, we remand this case for resentencing consistent with Foster. The trial court will have full discretion to impose sentences within the statutory range and is no longer required to make findings or give reasons for imposing consecutive or more than minimum sentences. Appellant's third assignment of error is sustained.
 {¶ 62} Having reviewed the assignments of error, we affirm appellant's convictions for possession of drugs, possession of drug abuse instruments, and receiving stolen property. However, pursuant to Foster, we reverse the court's sentencing decision and remand this matter for resentencing in accordance with this opinion.
 {¶ 63} Judgment reversed as to sentencing only.
Powell, P.J., concurs.
Walsh, J., dissents.
[1] R.C. 2913.51(A), felony of the fifth degree.
[2] R.C. 2925.12(A), misdemeanor of the second degree.
[3] R.C. 2925.11(A), felony of the fourth degree.
[4] R.C. 2925.11(A), misdemeanor of the third degree.
[5] R.C. 4729.51(C)(3), misdemeanor of the first degree.
[6] Compare, State v. Young, Clermont App. No. CA2005-08-074,2006-Ohio-1784 (finding totality of circumstances, including evidence obtained in trash pulls, served to supply sufficient probable cause despite officers failure to identify informants),State v. Litteral (Jan. 4, 1999), Fayette App. No CA98-02-02 (finding officer's failure to identify informants a technical omission and not fatal to probable cause determination based on corroborating tips and trash pull evidence).