OPINION
{¶ 1} Defendant-appellant, Clifford W. Akers, appeals his conviction and sentence in the Butler County Court of Common Pleas for possession of cocaine, possession of marijuana, and possession of drug paraphernalia. We affirm.
 {¶ 2} The Hamilton Police Department learned from a confidential source that Akers and his wife Amie were selling drugs out of their residence at 1101 Noyes Avenue in the city of Hamilton, in Butler County, Ohio. In the early morning hours of April 28, 2006, Hamilton *Page 2 
police officers pulled several bags of trash from the street curb in front of Akers' residence. Inside the trash bags, the officers found a sandwich bag containing a substance that field-tested positive for marijuana, and a piece of junk mail addressed to the "occupant" or "resident" at 1101 Noyes Avenue.
 {¶ 3} The police officers obtained a search warrant for Akers' residence. During the search, the officers found 141.85 grams of cocaine, 2,061 grams of marijuana, drug scales, and drug pipes.
 {¶ 4} On July 25, 2006, Akers was indicted on one count of possession of cocaine in violation of R.C. 2925.11(C)(4), a felony of the second degree; one count of possession of marijuana in violation of R.C. 2925.11(C)(3), a felony of the third degree; and one count of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. He pled not guilty to the charges.
 {¶ 5} On September 6, 2006, Akers moved to suppress the evidence seized from his residence. After holding an evidentiary hearing on the motion, the trial court issued a decision and entry overruling Akers' motion to suppress. In January 2007, Akers filed two "supplemental" motions to suppress, in which he asked the trial court to reconsider its decision overruling his motion to suppress. The trial court held a hearing on these supplemental motions on March 26, 2007. Afterwards, Akers filed a third supplemental motion to suppress. On April 27, 2007, the trial court issued a decision and entry overruling Akers' three supplemental motions to suppress.
 {¶ 6} On May 7, 2007, Akers changed his not guilty plea to a no contest plea to the charges. The trial court found Akers guilty as charged and sentenced him to serve a two-year prison term for his conviction on the charge of possession of cocaine, to be served concurrently with a one-year prison term for his conviction on the charge of possession of
marijuana and a 30-day jail term for his conviction on the charge of possession of drug *Page 3 
paraphernalia. The trial court also suspended Akers' driver's license for one year and ordered him to pay $12,500 in mandatory fines, as well as court costs and supervision fees.
 {¶ 7} Akers now appeals, assigning the following as error:
 {¶ 8} "THE SEARCH WARRANT ISSUED IN THIS CASE IS DEFECTIVE AND INVALID ON ITS FACE, AND BECAUSE THE WARRANT APPLICATION AND AFFIDAVIT RECKLESSLY MISLED THE MAGISTRATE WHO SIGNED IT."
 {¶ 9} Akers argues that the fruits of the search warrant should have been suppressed because the affidavit submitted by police in support of the warrant failed to contain sufficient probable cause to justify the search. We disagree with this argument.
 {¶ 10} Initially, we note the "trash pull" the police officers made at Akers' residence did not implicate Fourth Amendment concerns. InCalifornia v. Greenwood (1988), 486 U.S. 35, 40, 108 S.Ct. 1625, the Supreme Court found that the Fourth Amendment does not prohibit the warrantless search and seizure of garbage left for collection outside the curtilage of a suspect's home, because a person has no reasonable expectation of privacy in items left for trash collection in an area that is susceptible to open inspection and "accessible to animals, children, scavengers, snoops, and other members of the public." (Footnotes omitted.) Id.
 {¶ 11} Here, the evidence shows that the trash the police seized and then searched had been set out for collection, and therefore, Akers had no reasonable expectation of privacy with respect to it. Id. Consequently, the police officers did not need to establish probable cause to permit them to make the trash pull from Akers' residence. Id.
 {¶ 12} However, the officers did need to establish probable cause in the affidavit they submitted to obtain a search warrant for Akers' residence. See Crim. R. 41(C), and State v. George (1989),45 Ohio St.3d 325. In George, the Ohio Supreme Court stated:
 {¶ 13} "In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, `[t]he task of the issuing magistrate is simply to make a practical, *Page 4 
common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" George, 45 Ohio St.3d 325, paragraph one of the syllabus, following Illinois v. Gates (1983), 462 U.S. 213, 238-239,103 S.Ct. 2317.
 {¶ 14} "[N]either a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." George, paragraph two of the syllabus, following Gates.
 {¶ 15} In determining whether a search warrant is supported by a sufficient showing of probable cause, the reviewing court is confined to the information contained in the four corners of the affidavit filed in support of the warrant. State v. Landis, Butler App. No. CA2005-10-428,2006-Ohio-3538, ¶ 12, citing State v. O'Connor, Butler App. No. CA2001-08-195, 2002-Ohio-4122, ¶ 21.
 {¶ 16} "The [magistrate's] finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." Civ. R. 41(C). See, also, State v. Sharp (1996), 109 Ohio App.3d 757, 760.
 {¶ 17} In this case, the affidavit submitted by police in support of the search warrant for Akers' residence stated in pertinent part: *Page 5 
 {¶ 18} "AFFIANT'S BELIEF IS BASED UPON THE FOLLOWING FACTS:
 {¶ 19} "Hamilton Police Detectives received information from a confidential source that Clifford Akers and Amie Akers are selling methamphetamine, marijuana, cocaine and pills out of their residence at 1101 Noyes Avenue. On 04/28/06 Officers examined trash that had been discarded from 1101 Noyes Avenue. Upon examining the trash officers recovered a sandwich bag and what appeared to be marijuana remains. The substance field-tested positive for marijuana by Sergeant Chenoweth. Officers also discovered mail in the trash addressed to resident at 1101 Noyes Avenue."
 {¶ 20} In this case, the trial court acknowledged — and the state concedes — that the first sentence in the above paragraph is insufficient, standing alone, to establish probable cause to justify issuance of the search warrant. That sentence, which states that Hamilton police detectives received information from a confidential source that drug trafficking was occurring at Akers' residence, fails to indicate when the police received this information, and therefore, it is impossible to tell from the four corners of the affidavit whether this information was timely or stale. See State v. Young, Clermont App. No. CA2005-08-074, 2006-Ohio-1784, ¶ 23 ("[I]t is well-established that an affidavit must present timely information").
 {¶ 21} The affidavit is also deficient in that it fails to indicate the confidential source's "basis of knowledge" for the information that the source was relaying, and fails to describe the confidential source's record for "veracity" in providing information to the police on past occasions. See Landis, 2006-Ohio-3538 at ¶ 17.
 {¶ 22} Nevertheless, the police found in 1101 Noyes Avenue trash a sandwich bag containing marijuana remains and a piece of junk mail addressed to the "occupant" or "resident" at that address. The junk mail tied the contents of the trash bag to 1101 Noyes Avenue, and the existence of the marijuana remains provided probable cause to search the home for marijuana regardless of who lived there. This same information also provided *Page 6 
partial corroboration of the information that the police had received indicating that Akers was involved in drug trafficking out of 1101 Noyes Avenue. See United States v. Martin, (C.A.6, 2008), 526 F.3d 926, 937
("confidential informant's minimal facts * * * were bolstered when trash pull yielded cocaine residue").
 {¶ 23} In the recent case of State v. McGorty, Stark App. No. 2007CA00257, 2008-Ohio-2643, the court rejected a defendant's argument that the trial court erred in overruling his motion to suppress, in which the defendant had argued that the confidential informants relied upon by the police were not reliable and the information they provided had not been corroborated. While the McGorty court agreed with the defendant that statements from an anonymous confidential informant required "stringent scrutiny and independent corroboration," the court found that "the various informants' statements were corroborated when marijuana residue (stems) were found in [the defendant's] trash[,]" and that "[w]ith such corroboration, * * * the search warrant was legally supported with probable cause." Id. at ¶ 16.
 {¶ 24} Courts in foreign jurisdictions that have faced situations similar to the one here have found the existence of marijuana or cocaine residue to be sufficient evidence, standing alone, to provide probable cause to issue a search warrant.
 {¶ 25} For instance, in United States v. Briscoe (C.A.8, 2003),317 F.3d 906, the court found that an application for a search warrant showing that the police had found 40 marijuana seeds and 25 marijuana stems in defendant's trash was found to be sufficient, standing alone, to justify the issuance of a search warrant. Id. at 907-909. See, also,People v. Keller, 479 Mich. 467 (police officers' discovery of a partially burnt marijuana cigarette and a green leafy substance on the side of a pizza box, which tested positive for marijuana, provided adequate justification for issuing a search warrant). Id. at 477, fn. 29 (citing Briscoe and State v. Lawrence [C.A.6, 2002], 308 F.3d 623, 627, in support of its holding).
 {¶ 26} In light of these cases and the fact that we are obligated to accord great *Page 7 
deference to the probable cause determination made by the magistrate or judge who issues the search warrant and resolve any doubtful or marginal case in favor of upholding the search warrant, we conclude that the judge in this case "had a substantial basis for concluding that probable cause existed" for issuing the search warrant. George,45 Ohio St.3d 325, paragraph two of the syllabus, following Gates, 462 U.S. 213,238-239.
 {¶ 27} Even if we were to determine that the affidavit did not furnish the judge who issued the search warrant with probable cause to do so, we would nevertheless uphold the trial court's decision overruling Akers' motion to suppress, based on the "good faith exception" to the exclusionary rule set forth in United States v. Leon (1984),468 U.S. 897, 104 S.Ct. 3405.
 {¶ 28} Leon held that "the Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause."George, 45 Ohio St.3d at 330, citing Leon at 918-923, 926.
 {¶ 29} Here, the presence of marijuana remains or residue in one of the trash bags pulled from the street curb of Akers' residence was sufficient to demonstrate that the officers were acting in objectively reasonable reliance on the search warrant when they found the contraband in Akers' residence. See George, 45 Ohio St.3d at 330, discussingLeon.
 {¶ 30} As explained in George, there are several circumstances in which the good faith exception to the exclusionary rule set forth inLeon will not apply:
 {¶ 31} "[I]n setting forth its `good faith exception' to the exclusionary rule, the United States Supreme Court has cautioned that `* * * the officer's reliance on the magistrate's probable-cause determination * * * must be objectively reasonable * * *.' (Emphasis added.) [Leon, 468 U.S.] at 922. [Citation omitted.] Accordingly, suppression remains an appropriate *Page 8 
remedy where: (1) `* * * the magistrate or judge * * * was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth * * *'; (2) `* * * the issuing magistrate wholly abandoned his judicial role * * *'; (3) an officer purports to rely upon `* * * a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"'; or (4) `* * * depending on the circumstances of the particular case, a warrant may be so facially deficient — i.e., in failing to particularize the place to be searched or the things to be seized — that the executing officers cannot reasonably presume it to be valid. * * *' (Citations omitted.) Leon,supra, at 923." George, 45 Ohio St.3d at 330-331.
 {¶ 32} Akers argues the first, third, and fourth circumstances in which the Leon good faith exception to the exclusionary rule does not apply, are present in this case, and therefore, the good faith exception does not apply here. We disagree.
 {¶ 33} As to the first circumstance, Akers contends that the municipal court judge who issued the search warrant was misled by the affidavit submitted by Hamilton police officers in support of the warrant. In support, Akers notes that the affidavit stated that a "confidential source" had informed the Hamilton police that Akers was involved in drug activity, but that the suppression hearing testimony of the police officers involved in the case indicated that the officers' source was actually an anonymous tipster.
 {¶ 34} However, a reading of the police officers' testimony shows that the officers received this information from "anonymous sources," "confidential sources," and "confidential informants." The police officers' testimony on this issue, when viewed in its entirety, supports the trial court's finding that the police officers did not attempt to intentionally mislead the judge who issued the search warrant.
 {¶ 35} As to the third circumstance in which the good faith exception to the exclusionary rule does not apply, this case does not qualify as one where the officers *Page 9 
involved "purport[ed] to rely upon `* * * a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."'" George, 45 Ohio St.3d at 331, quoting Leon, 468 U.S. at 923. As we have stated, the information from the confidential source was partially corroborated by the trash pull that revealed the presence of marijuana. The existence of this contraband rendered the police officers' belief in the search warrant's validity "objectively reasonable." George at 330, citing Leon
at 918-923, 926.
 {¶ 36} Finally, this is not a case where the warrant was "so facially deficient — i.e., in failing to particularize the place to be searched or the things to be seized — that the executing officers cannot reasonably presume it to be valid." George at 331, quoting Leon at 923. The warrant in this case particularized the place to be searched, i.e., Akers' residence at 1101 Noyes Avenue, and the things to be seized, i.e., marijuana, marijuana-related paraphernalia, any monies received from the sale of marijuana, and weapons or surveillance equipment used for the protection of the marijuana.
 {¶ 37} Consequently, Akers' sole assignment of error is overruled.
 {¶ 38} Judgment affirmed.
YOUNG, J., concurs. BRESSLER, P.J., dissents.