OPINION
{¶ 1} Defendant-appellant, Yawshuwa Dubose, appeals the Clermont County Court of Common Pleas decision denying his motion to suppress. We affirm the decision of the trial court.
 {¶ 2} In December 2006, as part of an ongoing investigation, Agent Eric Goldsmith, an undercover narcotics agent working for the Clermont County Sheriff's Office, Narcotics Unit, purchased crack cocaine from Kristen Kurtz, appellant's girlfriend. On February 20, *Page 2 
2007, after setting up a deal with appellant over the phone, Agent Goldsmith made another purchase from Kurtz and appellant at a local restaurant. During this transaction, Kurtz introduced appellant as "Shorty."
 {¶ 3} On March 9, 2007, the Clermont County Communications Center received a call stating that Kelly Pierce was involved in trafficking cocaine, and that she could be found in a white Nissan with chrome wheels. A broadcast relaying such information was issued to all Clermont County officers. Later that day, Officer Shaw, a member of the Pierce Township Police Department, saw the white Nissan in the driveway of 1514 Denny Drive, where Kurtz resided with appellant. After confirming that the car was registered to Pierce, the officer began to follow the vehicle as it travelled eastbound on State Route 125.
 {¶ 4} The officer continued to follow the car until it pulled into a grocery store parking lot. After pulling into the parking lot, the officer got out of his patrol car and spoke to the driver of the white Nissan who identified herself as Pierce. A canine alerted on Pierce's vehicle, as well as on her purse. A search of the vehicle and the purse led to the discovery of a crack pipe and other drug paraphernalia. After drugs were located, Pierce informed the officer that she had just purchased them from a man known as "Shorty" who was located at 1514 Denny Drive. Thereafter, this information was relayed to Agent Goldsmith who prepared an affidavit requesting a search warrant for the Denny Drive residence. A search warrant was authorized later that day.
 {¶ 5} On March 10, 2007, at approximately 7:00 a.m., several members from the Narcotics Unit went to the Denny Drive residence to execute the search warrant. Once inside the home, the agents found appellant in his bedroom, brought in a canine unit, and found a bag containing crack cocaine inside a VCR. *Page 3 
 {¶ 6} Appellant was charged with two counts of trafficking in cocaine, and one count of illegal assembly of chemicals for the manufacture of drugs. Appellant filed a motion to suppress, which the trial court denied. After accepting the prosecution's plea agreement, appellant entered a no contest plea to one count of trafficking in cocaine and was found guilty.
 {¶ 7} Appellant appeals the trial court's decision overruling the motion to suppress, raising one assignment of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS."
 {¶ 10} Appellate review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact. State v.Long (1998), 127 Ohio App.3d 329, 332. When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate witness credibility. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, ¶ 8. A reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Bryson (2001), 142 Ohio App.3d 397, 402. The appellate court then determines, as a matter of law, and without deferring to the trial court's conclusions, whether the trial court applied the appropriate legal standard. Id.
 {¶ 11} The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures and provides that "* * * no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The exclusionary rule, while not an express mandate found in the Fourth Amendment, is inherent in its protective *Page 4 
language and "operates as a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." State v. Cobb, Butler App. No. CA2007-06-153,2008-Ohio-5210, ¶ 22; United States. v. Leon (1984), 468 U.S. 897, 906,104 S.Ct. 3405.
 {¶ 12} Generally, the exclusionary rule requires evidence seized as a result of an illegal search to be suppressed, but it will not be applied simply because the warrant was not supported by probable cause.Cobb at ¶ 22. As the United States Supreme Court held in Leon, the exclusionary rule should not be used to exclude evidence "obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." State v. George, 45 Ohio St.3d 325, 330, citing Leon at 918-923, 926. Instead, the exclusionary rule will remain in effect and be the appropriate remedy where: "(1) the judge or magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) the magistrate or judge wholly abandoned his judicial role; (3) an officer purports to rely upon a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) depending upon the circumstances of the particular case, a warrant may be so facially deficient, i.e. in failing to particularize the place or things to be searched or seized, that the executing officers cannot reasonably presume it to be valid." State v. Landis, Butler App. No. CA2005-10-428,2006-Ohio-3538, ¶ 22, quoting George at 331.
 {¶ 13} In determining whether the good faith exception to the exclusionary rule applies, this court may look "beyond the four corners of the affidavit to determine whether *Page 5 
the officer executing the search warrant did so in good faith reliance on the magistrate's issuance of the search warrant." Landis at ¶ 21, quoting State v. O'Connor, Butler App. No. CA2001-08-195, 2002-Ohio-4122, ¶ 21.
 {¶ 14} In his sole assignment of error, appellant argues that the trial court erred in denying his motion to suppress because the good faith exception did not apply.[1] Specifically, appellant argues that the trial court erred in applying the good faith exception because (1) the issuing judge wholly abandoned his judicial role to "safeguard a person's Fourth Amendment rights against the hurried judgment of law enforcement," and (2) the "affidavit submitted * * * was so lacking in indicia of probable cause that [Agent Goldsmith's] reliance on the search warrant issued * * * was entirely unreasonable." These arguments lack merit.
 {¶ 15} First, appellant argues that the trial court erred in finding that the good faith exception applied because the issuing judge wholly abandoned his judicial role by "not adequately protect[ing] or safeguard[ing] the Fourth Amendment rights of appellant." We disagree.
 {¶ 16} Appellant, in claiming that the issuing judge wholly abandoned his judicial role, states that the judge acted as a "rubber stamp" because he did not "inquire, [or] even challenge, the reliability of the hearsay sources," and made a "hurried judgment" without "impartially and calmly examin[ing] the evidence presented by law enforcement" before granting the search warrant. However, appellant failed to raise this issue with the trial court during the motion to suppress hearing, or even in his memorandum of law in support of his motion to suppress. Instead, appellant only now claims that the issuing judge wholly abandoned his judicial role by arguing that the issuing judge made a "hurried judgment" *Page 6 
when "at most only 12 hours passed between the time Ms. Pierce was questioned and the time the search warrant was executed."
 {¶ 17} Even though appellant failed to raise this issue previously in his motion to suppress, during the motion to suppress hearing, or even in his memorandum of law in support of his motion filed after the hearing, the trial court still considered this issue in finding that there was "no evidence * * * that [the issuing judge] abandoned his judicial role." Our review of the record, including the transcript of the motion to suppress hearing, supports this finding. Therefore, appellant's argument is without merit.
 {¶ 18} Second, appellant argues that the trial court erred in finding that the good faith exception applied because the affidavit "was so lacking in indicia of probable cause that [Agent Goldsmith's] reliance on the search warrant issued * * * was entirely unreasonable." We disagree.
 {¶ 19} In this case, the affidavit supplied by Agent Goldsmith, a ten-year veteran with the Clermont County Sheriff's Office, contained detailed descriptions of numerous drug transactions involving appellant and Kurtz, appellant's girlfriend. These transactions included Agent Goldsmith's own undercover purchase of illegal drugs from Kurtz and appellant, who was introduced to him as "Shorty." The affidavit also contained statements from Pierce who informed the authorities that she possessed illegal drugs that she purchased from "Shorty" mere minutes after her car was seen at the Denny Drive residence. Agent Goldsmith, due to his ongoing investigation of Kurtz, knew that she lived at the Denny Drive residence and was involved in illegal drug activity. Based on our review of the record, we cannot say that the officers would look at the warrant, which had been approved by a judge, that described previous drug transactions involving appellant and Kurtz, as well as statements from Pierce claiming that she just purchased drugs from "Shorty" at the Denny Drive residence, and determine that it so lacked indicia of probable *Page 7 
cause that reliance upon it would be unreasonable.
 {¶ 20} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 21} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] The state conceded that the affidavit submitted was not sufficient to establish probable cause, and therefore, we will forego making any determination on probable cause here. *Page 1