[Cite as *State v. Olvera*, 2013-Ohio-3992.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-10-199 |
| | : | O P I N I O N |
| - vs - | | 9/16/2013 |
| | : | |
| JULIO CESAR OLVERA a.k.a. | : | |
| Julio Olvera-Mejia, | | |
| | : | |
| Defendant-Appellant. | | |
| | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-04-0531

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Fred Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Julio Cesar Olvera, appeals from a decision of the Court of Common Pleas of Butler County sentencing him to a term of 36 months in prison.

{¶ 2} On April 3, 2011, Olvera was operating a motor vehicle when he went left of center and struck a vehicle that was being operated by Jennifer Bowling. Olvera exited his

vehicle and observed Bowling lying in her vehicle. Although able to observe Bowling's condition, Olvera testified that he did not offer any first aid, nor did he attempt to alert emergency personnel to the accident scene. Olvera and his passenger then left their vehicle and the accident scene to tend to their own injuries. The two walked to Olvera's nearby residence where they were driven to the emergency room by Olvera's roommate. At the emergency room, Olvera admitted that his injuries were the result of a motor vehicle collision. Bowling died as a result of injuries sustained in the car accident.

{¶ 3} On May 25, 2011, Olvera was indicted on five counts: (1) vehicular manslaughter, (2) failure to stop after an accident, (3) operating a motor vehicle without a valid license, (4) operation of a motor vehicle without proof of financial responsibility, and (5) driving left of center. Olvera was never charged with any offenses involving alcohol or intoxication, although later at trial, evidence was introduced indicating Olvera had been drinking that evening.

{¶ 4} On June 21, 2011, Olvera pled guilty to the charges of vehicular manslaughter and driving left of center and was sentenced to 90 days in jail. He pled not guilty to the remaining charges. Two of the charges were tried to the bench and eventually dismissed while the remaining charge was tried to a jury where Olvera was found guilty of failure to stop after an accident. The trial court sentenced him to 36 months in prison. Olvera now appeals from the trial court's sentencing decision, raising a single assignment of error for review:

{¶ 5} A SENTENCE IS CONTRARY TO LAW WHEN THE TRIAL COURT PUNISHES A DEFENDANT FOR A NON-INDICTED OFFENSE, WHEN IT TAKES INTO CONSIDERATION NON-STATUTORY FACTORS IN ORDER TO JUSTIFY A MAXIMUM SENTENCE, AND WHEN THERE ARE NO STATUTORY SERIOUSNESS OR RECIDIVISM FACTORS THAT WOULD JUSTIFY AN INCREASED SENTENCE.

{¶ 6} In his sole assignment of error, Olvera argues the trial court erred in sentencing

him to the maximum 36-month prison sentence because the trial court relied on uncharged conduct in making its sentencing decision.

{¶ 7} This court has recently set forth the current law relating to appellate review of criminal sentencing in *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315. In *Crawford*, we determined that the standard of review set forth in R.C. 2953.08(G)(2) governs review of all felony sentences. *Id.* at ¶ 6. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's sentencing decision, "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." *State v. Pearce*, 12th Dist. Clermont No. CA2013-01-001, 2013-Ohio-3484, ¶ 24.

{¶ 8} An appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law." *Crawford* at ¶ 7; *Pearce* at ¶ 25. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, and sentences appellant within the permissible statutory range. *Crawford* at ¶ 9; *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10.

{¶ 9} In making such a determination, it is "important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative." *Crawford* at ¶ 8, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* To the contrary, "it is the court of appeals that must clearly and convincingly find that the

record does not support the court's findings." *Id.* As such, the language in R.C. 2953.08(G)(2) establishes an "extremely deferential standard of review" for "the restriction is on the appellate court, not the trial judge." *Id.*

{¶ 10} In essence, Olvera argues that the severity of the punishment was not based upon the conduct for which he was convicted, suggesting the trial court was "motivated by the fact that he did not render assistance at the scene to Jennifer Bowling, that he did not call 911, and that [Olvera] was avoiding detection for a more serious crime, [a]ggravated [v]ehicular [h]omicide." As support, Olvera cites to a statement made by the trial court at sentencing:

> The inference is inescapable that you left the scene of the accident to avoid being charged with a more serious offense such as aggravated vehicular homicide, and that's where you have an accident, somebody dies, and the accident is caused by your violation of the drunk driving laws of Ohio. Aggravated vehicular homicide is an F2 felony that carries a maximum prison term of eight years.

{¶ 11} As a result, Olvera argues that his sentencing was contrary to law. We find no merit to this argument.

{¶ 12} We begin by noting that a third-degree felony is punishable by a prison term of 9, 12, 18, 24, 30, or 36 months. R.C. 2929.14(A)(3)(b); R.C 4549.02. Thus, the trial court's sentence of 36 months fell within the permissible statutory range for the offense.

{¶ 13} In making its sentencing decision, the trial court considered all of the relevant seriousness and recidivism factors set forth in R.C. 2929.11 and R.C. 2929.12. According to R.C. 2929.12(B)(2), conduct may be considered more serious when "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." The factors set forth in R.C. 2929.12 are nonexclusive and provides that the trial court may consider "any other relevant factors." R.C. 2929.12 (B).

{¶ 14} The trial court considered the severity of the accident, which resulted in the

death of the other driver. The court noted the uncontested fact that Olvera fled the scene of the accident without summoning emergency personnel or attempting to assist the other driver in any way. Finally, the trial court acknowledged the presence of beer in the back seat of the automobile as well as the testimony introduced at trial that Olvera smelled of alcohol at the hospital.

{¶ 15} Although Olvera was never charged with any alcohol offenses relating to this particular event, "a mere reference to a defendant's unadjudicated conduct by the trial court, without an imposition of sentence on the basis of that conduct, does not give rise to an error." *State v. Montgomery,* 3d Dist. Crawford Nos. 3-08-10, 3-08-11, 2008-Ohio-6182, ¶ 13; *see also State v. Byrd*, 12th Dist. Warren Nos. CA2001-02-012, CA86-03-020, 2003-Ohio-511. The court considered the relevant seriousness factors and other relevant factors as set forth in R.C. 2929.12. The record does not demonstrate that the trial court considered any inappropriate factor not permitted by law.

{¶ 16} Accordingly, we find that Olvera's sentence is supported by the record and is not contrary to law. Olvera's sole assignment of error is overruled

{¶ 17} Judgment affirmed

RINGLAND, P.J., and M. POWELL, J., concur.