[Cite as *State v. Swift*, 2014-Ohio-2004.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                  :

    Plaintiff-Appellee,                    :            CASE NO.   CA2013-08-161

                                                   :                 O P I N I O N
- vs -                                                               5/12/2014
                                                   :

JOHN E. SWIFT,                                 :

    Defendant-Appellant.               :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-04-0631


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Fl., Hamilton, Ohio 45011, for plaintiff-appellee

Michael K. Allen & Associates, Joshua A. Engel, 5181 Natorp Blvd., Suite 210, Mason, Ohio 45040, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1}   Defendant-appellant, John Swift, appeals his conviction and sentence in the Butler County Court of Common Pleas for illegal cultivation of marijuana, possession of L.S.D., possession of marijuana, and aggravated possession of drugs.  For the reasons detailed below, we affirm in part and reverse in part the judgment of the trial court and remand this matter for further proceedings.

{¶ 2} The West Chester Police Department received complaints that Swift was involved in the cultivation of marijuana at his residence at 8822 Cox Road, in the township of West Chester, in Butler County, Ohio. The complaints were referred to Officer Jason Flick of the West Chester Police Department who investigated the matter and supplied the factual information pertinent to obtaining a search warrant for Swift's residence.

{¶ 3} In his affidavit in support of the search warrant, Officer Flick averred, inter alia, that he had received complaints from a concerned neighbor relating to Swift's drug activity. As a result, Officer Flick testified that he conducted a trash pull on Swift's residence and discovered two large marijuana stems cut in a manner consistent with the cultivation of marijuana. In addition, Officer Flick averred that he conducted an energy-usage analysis by comparing the energy-usage records of Swift's property with two neighboring properties of similar size, design, and year of manufacture. Based on this analysis, Officer Flick testified that Swift used approximately 350 percent more energy than the two comparable properties, which is often an indicator of marijuana cultivation. On February 12, 2013, a search warrant was authorized on Swift's residence. A search of Swift's residence uncovered drugs and evidence of marijuana cultivation leading to the charges pertinent to this appeal.

{¶ 4} On June 5, 2013, Swift was indicted on one count of illegal cultivation of marijuana in violation of R.C. 2925.04, a second-degree felony; one count of possession of L.S.D. in violation of R.C. 2925.11, a third-degree felony; possession of marijuana in violation of R.C. 2925.11, a fifth-degree felony; and one count of aggravated possession of drugs in violation of R.C. 2925.11, a fifth-degree felony. Swift pled not guilty to the charges.

{¶ 5} On June 12, 2013, Swift moved to suppress the evidence seized from his residence. Following an evidentiary hearing, the trial court denied Swift's motion to suppress. Thereafter, Swift changed his plea and entered a plea of no contest to the charges. The trial court found Swift guilty as charged and sentenced him to a four-year prison term for his

conviction on the charge of illegal cultivation of marijuana. Swift was also sentenced to concurrent prison terms of 18 months on each remaining count of possession of L.S.D., possession of marijuana, and aggravated possession of drugs. The trial court also suspended Swift's driver's license for five years. Swift now appeals, raising two assignments of error for review:

{¶ 6} Assignment of Error No.1:

{¶ 7} THE TRIAL COURT COMMITTED ERROR BY DENYING THE MOTION TO SUPPRESS THE EVIDENCE SEIZED AS A RESULT OF A SEARCH WARRANT ISSUED WITHOUT PROBABLE CAUSE.

{¶ 8} In his first assignment of error, Swift argues the trial court erred by denying his motion to suppress. Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 15, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence in order to resolve factual questions and evaluate witness credibility." *State v. Harsh*, 12th Dist. Madison No. CA2013-07-025, 2014-Ohio-251, ¶ 9; *State v. Durham*, 12th Dist. Warren No. 2013-03-023, 2013-Ohio-4764, ¶ 14.

{¶ 9} When reviewing the denial of a motion to suppress, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Durham* at ¶ 14; *Gray* at ¶ 15. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *Harsh* at ¶ 10.

{¶ 10} Initially, Swift asserts the state put forth only one argument at the suppression hearing and therefore all other arguments with respect to the validity of the search warrant

are waived. In his brief, Swift alleges the state relied solely on *State v. Akers*, 12th Dist. Butler No. CA2007-07-063, 2008-Ohio-4164, to support the validity of the search warrant. Therefore, Swift relies on a case from the Second District Court of Appeals, *State v. Jones*, 2d Dist. Montgomery No. 23920, 2010-Ohio-5522, for the proposition that the state has waived all other arguments with respect to the validity of the search warrant except those consistent with *Akers* "for the narrow proposition that a small amount of marijuana in a defendant's trash is sufficient, *by itself*, to establish probable cause for magistrate [sic] to issue a search warrant."

{¶ 11} In *Akers*, this court found that probable cause existed to justify the search of a residence after police conducted a trash pull on the residence of individuals suspected of drug trafficking. *Akers* at ¶ 22. The trash pull resulted in the discovery of a sandwich bag containing marijuana remains, as well as junk mail linking the suspects to the trash bag. *Id.* The discovery of the marijuana partially corroborated information that police had received indicating that the homeowners were involved in drug trafficking. *Id.* After reviewing the record, this court affirmed the validity of the search warrant after concluding there was "a substantial basis for concluding that probable cause existed" based upon the existence of the marijuana discovered in the suspects' trash. *Id.* at ¶ 26.

{¶ 12} Based on our review of the record, we find the state did not waive any argument with respect to the validity of the search warrant. While the state did place great emphasis on the fact that the search was supported by probable cause based on the discovery of two large marijuana stems cut in a pattern consistent with cultivation, the record clearly indicates the state referenced multiple grounds for obtaining the search warrant in its written brief and at the suppression hearing. The state's written brief in opposition to Swift's motion to suppress clearly argues, based on the totality of the circumstances, that information received from concerned neighbors, high energy use, as well as the trash-pull

evidence supported a finding of probable cause. Moreover, the record reflects the state did orally make the arguments regarding electricity usage and the good-faith exception before the trial court.

{¶ 13} In addition, we also note that Swift does not argue that he was prejudiced as a result of the use of the energy-use records. In fact, the record refutes any notion of undue surprise or prejudice with regard to the energy-use records. For instance, the record reflects that Swift specifically raised issues with the reliability of the energy-use records referenced in Officer Flick's affidavit at the hearing on the motion to suppress when he presented the testimony of Kenneth Rose, one of the homeowner's whose energy use was monitored and used to compare Swift's energy consumption in the energy-usage analysis. Accordingly, we find the state did not waive any argument with respect to the validity of the search warrant.

{¶ 14} Swift next argues the search warrant was insufficient to establish probable cause and the magistrate did not have a substantial basis for concluding that probable cause existed. In his brief, Swift separately discusses information contained within the affidavit and concludes the trial court erred in denying his motion to suppress. Specifically, Swift's brief references (1) the trash pull of Swift's residence yielding marijuana, (2) the energy use evidence including Swift's high energy usage, and (3) the inclusion of allegedly stale information in Officer Flick's affidavit.

{¶ 15} The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures and provides that "* * * no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *State v. Dubose*, 12th Dist. Clermont No. CA2008-01-007, 2008-Ohio-5933, ¶ 11; *State v. Quinn*, 12th Dist. Butler No. CA2011-06-116, 2012-Ohio-3123, ¶ 12.

{¶ 16} "A neutral and detached judge or magistrate may issue a search warrant only

upon a finding of probable cause." *State v. Ingold*, 10th Dist. No. 07AP-648, 2008-Ohio-2303, ¶ 17; Crim.R. 41(C). In determining whether a search warrant is supported by probable cause, the issuing judge is confined to the averments contained in the supporting affidavit. *Id.* The affidavit must "name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located." Crim.R. 41(C).

{¶ 17} "In determining whether probable cause exists for the issuance of a warrant, courts employ a 'totality-of-the-circumstances' test, requiring an issuing judge 'to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *State v. Landis*, 12th Dist. Butler No. CA2005-10-428, 2006-Ohio-3538, ¶ 12, quoting *State v. George*, 45 Ohio St.3d 325 (1989), paragraph one of the syllabus; *Akers*, 2008-Ohio-4164 at ¶ 13. Evidence that is obtained in violation of the Fourth Amendment is subject to exclusion. *Quinn* at ¶ 21; *Dubose* at ¶ 11-12.

{¶ 18} When reviewing the decision to issue a warrant, neither a trial court nor an appellate court will conduct a de novo determination as to whether the affidavit provided sufficient probable cause. *Quinn* at ¶ 21. Rather, the reviewing court need only ensure that the issuing judge had a substantial basis for concluding that the probable cause existed based on the information contained in the four corners of the affidavit filed in support of the warrant. *Id.*; *Akers* at ¶ 14. According to Crim.R. 41(C), "the finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." *State v. Cobb*, 12th Dist. Butler No. CA2007-06-153, 2008-Ohio-

5210, ¶ 23.

**{¶ 19}** Based on our review of the record, we find the trial court did not err in denying Swift's motion to suppress. In the present case, the affidavit in support of the search warrant contained all of the required information and was supported by probable cause. In his affidavit, Officer Flick testified that he received information from a concerned neighbor regarding Swift's drug activity. As a result Officer Flick averred that he conducted a trash pull and discovered two large marijuana stems clipped in a manner consistent with someone cultivating hydroponic marijuana. During the oral hearing on the motion to suppress Officer Flick further testified that he attached two photos of the marijuana stems discovered in Swift's trash and explained:

> The reason that I included that picture and what I attempted to reference in that paragraph was the significance of those specific marijuana stems that I located. Based on previous investigations that I had done on it, so they're a standard investigative tool for us to conduct trash pulls. On any type of narcotic complaint, typically when we do recover marijuana or marijuana shake, it's smaller pieces of broken stems of just small pieces of shake which would be broken leaves or broken parts of the bud. I found it very significant this specific stem, the fact that it was clipped very distinctively slipped on the ends where it appeared to be clipped directly off of the plant itself.
>
> In my experience typically a customer who purchases marijuana is not going to want that specific portion of the marijuana plant. They're going to want the buds that has the highest THC content. So a marijuana smoker is typically not going to have such large portions of the stem. So I found that to be very significant and very indicative of someone who'd be cultivating and grooming marijuana versus specifically someone who's relegated to only smoking.

As this court previously acknowledged in *Akers*, "[c]ourts in foreign jurisdictions that have faced situations similar to the one here have found the existence of marijuana or cocaine residue to be sufficient evidence, standing alone, to provide probable cause to issue a search warrant." *Akers* at ¶ 24. Therefore, the evidence obtained as a result of the trash pull is

strong evidence, in itself, to the determination of probable cause.

{¶ 20} However, in addition to the information concerning the trash pull and discovery of marijuana stems, Officer Flick also testified that he conducted an investigation of Swift's energy usage. *State v. Thomas*, 10th Dist. Franklin No. 12AP-928, 2014-Ohio-1489, ¶ 14 (electricity use data is a relevant factor for purposes of probable cause); *see also State v. Leibold*, 2d Dist. Montgomery No. 25124, 2013-Ohio-1371, ¶ 24; *State v. Gantz*, 106 Ohio App.3d 27, 34-36 (10th Dist.1995). In his affidavit, Officer Flick stated that high electricity consumption records are one key indicator of a marijuana grow operation because of the high levels of energy needed to power the lights to grow the marijuana. To determine Swift's energy usage, Officer Flick stated that he issued a subpoena to Duke Energy for the account registered to Swift's residence and compared Swift's energy usage with two neighboring properties of similar size and design. The energy-use records obtained covered a period of 16 months between September 1, 2011 and January 17, 2013. Based on these records, Officer Flick testified that Swift's residence consumed approximately 350 percent more energy than the other properties. Furthermore, Officer Flick also testified that the energy account for Swift's residence was registered to the name of Swift's sister-in-law, which Officer Flick stated is typical for persons involved in drug related activities to avoid detection by law enforcement.

{¶ 21} Although Swift introduced evidence that one of the properties used in the energy use comparison was vacant during the winter months, we note that the energy-use comparison was conducted over a 16-month period and more than one house was used as a method of comparing Swift's energy usage. After analyzing that data Officer Flick testified that Swift's residence averaged far more energy consumption per month than either

property.[1] Furthermore, Officer Flick testified that he had no knowledge that the home was empty during the winter months. Indeed, the record clearly indicates that Officer Flick took appropriate care to find suitable homes to compare Swift's electricity usage. For example, Officer Flick testified that he conducted searches of each property's dimensions, performed examinations of the year of each home's construction, and also conducted a drive-by of each residence to ensure that there were no other structures on the property, such as a pool, that might affect the reliability of the energy records.

{¶ 22} Accordingly, we find the trial court did not err in denying Swift's motion to suppress. The evidence presented by Officer Flick, when considered in the totality of the circumstances, was sufficient to support a finding of probable cause. Officer Flick's affidavit included information concerning the trash pull, which yielded multiple stems of marijuana cut in a manner consistent with cultivation, evidence of high energy usage in comparison to similar residences, as well as other background information involving drug activity including the observations of concerned neighbors. Therefore, we find the issuing judge had a substantial basis for concluding that probable cause existed based on the information contained in Officer Flick's affidavit.

{¶ 23} Nevertheless, Swift further argues that Officer Flick's affidavit does not support a finding of probable cause because the affidavit allegedly contains stale information. Specifically, Swift argues the following information was improper: (1) information regarding a prior search of Swift's residence in 2006; (2) an account of a prior incident in 2010 involving an unknown odor; (3) a prior report of energy-use records from 2011; (4) an incident involving Swift's son who was cited for marijuana possession four months before the issuance of the search warrant; and (5) a complaint of short-term traffic in the area approximately four

---

1. In his affidavit, Officer Flick noted that Swift's residence averaged $355.47 worth of energy consumption each month, compared to $102.71 and $103.36 per month for the remaining two properties.

months before the issuance of the search warrant.

**{¶ 24}** Swift is correct in noting that "an affidavit for a search warrant must present timely information." *State v. Young*, 12th Dist. Clermont No. CA2005-08-074, 2006-Ohio-1784, ¶ 23. However, as this court has previously acknowledged "no arbitrary time limit dictates when information becomes stale." *Id.*; *State v. Prater*, 12th Dist. Warren No. CA2001-12-114, 2002-Ohio-4487, ¶ 12. "Furthermore, information from an informant that is otherwise stale may be refreshed if the affidavit contains recent information that corroborates otherwise stale information." *United States v. Thomas*, 605 F.3d 300, 310 (6th Cir.2010), quoting *United States v. Spikes*, 158 F.3d 913, 924 (6th Cir.1998) (recent electricity use records refreshed eight-month-old tip by an anonymous informant that the defendant was growing marijuana).

**{¶ 25}** As previously noted, the affidavit supplied by Officer Flick supporting probable cause included pertinent information such as complaints from concerned neighbors, the trash pull yielding two large marijuana stems cut in a manner consistent with cultivation, as well as the records indicating high energy usage. In addition, Officer Flick also included other information that he was aware of regarding prior investigations of Swift. During the hearing on the motion to suppress, Officer Flick testified as to his reasons for including that information:

> My training would be that the stale information would not necessarily be relevant but that doesn't mean that we can't include it. I like to include both information that would be for and against the Defendant because I want to make sure that the Judge is aware of all the relevant facts and circumstances so that he can make an informed decision. I don't want him to be surprised by some fact that might come up later that he was unaware of.

Accordingly, while some of the information contained in the affidavit may have contained stale information not necessarily relevant to the determination of probable cause, we find

Swift's argument in support of his motion to suppress is without merit. Based on the "totality of the circumstances," Officer Flick's affidavit was supported by probable cause even if some facts, taken independently, i.e., the allegedly stale information, would not in itself support a finding of probable cause. *See, e.g., Akers*, 2008-Ohio-4161 at ¶ 20; *Young*, 2006-Ohio-1784 at ¶ 26 ("[p]robable cause is the sum total of layers of information * * *. We weigh not individual layers but the 'laminated' total").

{¶ 26} In conclusion, we find the trial court did not err in denying Swift's motion to suppress. The issuing judge had a substantial basis for concluding that probable cause existed based on the information contained in Officer Flick's affidavit, which included complaints made by concerned neighbors, evidence concerning the trash pull yielding two distinctly cut marijuana stems, as well as the evidence regarding Swift's high energy usage. Therefore, Swift's arguments to the contrary are without merit and Swift's first assignment of error is overruled.

{¶ 27} Assignment of Error No.2:

{¶ 28} THE TRIAL COURT IMPOSED IMPROPER SENTENCES FOR COUNTS III AND IV OF THE INDICTMENT.

{¶ 29} In his second assignment of error, Swift contests the trial court's sentencing decision with respect to counts three and four in the indictment, possession of marijuana and aggravated possession of drugs. The state concedes the trial court's imposition of an 18-month prison term for each offense was outside of the permissible statutory range and therefore should be vacated. Therefore, we find Swift's second assignment of error is well-taken.

{¶ 30} As noted in *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences. *Id.* at ¶ 6; *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-

5669, ¶ 9. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's sentencing decision, "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." *State v. Olvera*, 12th Dist. Butler No. CA2012-10-199, 2013-Ohio-3992, ¶ 8; *State v. Pearce*, 12th Dist. Clermont No. CA2013-01-001, 2013-Ohio-3484, ¶ 24.

{¶ 31} An appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law." *Crawford* at ¶ 7; *Pearce* at ¶ 25. A sentence is not clearly and convincingly contrary to law where the record supports the trial court's findings under R.C. 2929.14(C)(4) and where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences Swift within the permissible statutory range. *Olvera* at ¶ 8; *State v. Sturgill*, 12th Dist. Clermont Nos. CA2013-01-002, CA2013-01-003, 2013-Ohio-4648, ¶ 37.

{¶ 32} In the present case, the trial court imposed a prison term of 18 months for possession of marijuana and aggravated possession of drugs to be served concurrently with an 18-month sentence for possession of L.S.D. and a four-year sentence for illegal cultivation of marijuana. However, Swift's convictions for possession of marijuana and aggravated possession of drugs are both fifth-degree felonies. A fifth-degree felony is punishable by a prison term of six, seven, eight, nine, ten, 11, or 12 months. R.C. 2929.14(A)(5); R.C. 2925.11. Therefore, the trial court's imposition of an 18-month sentence for possession of marijuana and aggravated possession of drugs, both fifth-degree felonies, was outside the

permissible statutory range and thus contrary to law. Accordingly, Swift's second assignment of error is sustained.

{¶ 33} Judgment affirmed in part, reversed in part, and cause remanded to the trial court for further proceedings consistent with this Opinion.

HENDRICKSON and M. POWELL, JJ., concur.