[Cite as *State v. Dunbarr*, 2014-Ohio-2723.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 13CA010475 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JONATHAN DUNBARR | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 09CR078411 |

DECISION AND JOURNAL ENTRY

Dated: June 23, 2014

WHITMORE, Judge.

{¶1} Defendant, Jonathan Dunbarr, appeals from the judgment of the Lorain County Court of Common Pleas. This Court reverses.

I

{¶2} In March 2010, Dunbarr pleaded guilty to burglary, a felony of the fourth degree. The court granted Dunbarr's motion for Intervention in Lieu of Conviction, but he was terminated from the program after a violation hearing in September 2010. Subsequently, the court sentenced Dunbarr to three years of community control for the burglary conviction. At the sentencing hearing, and in the journal entry, the court informed Dunbarr that a violation of community control may "lead to a more restrictive sanction, a longer sanction, or a prison term of 18 months." In June 2012, the court found that Dunbarr had violated the terms of his community control and ordered that he be sent to a residential treatment program.

{¶3}   In December 2012, Dunbarr failed to appear and a warrant was issued for his arrest.[1]   On January 2, 2013, the court sentenced Dunbarr to a prison term of two years for violating the conditions of his community control.   On October 31, 2013, this Court granted Dunbarr's request to file a delayed appeal.   He now raises two assignments of error for our review.  To facilitate the analysis, we consolidate his assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT COMMITTED PLAIN ERROR BY IMPOSING A TWO-YEAR PRISON TERM FOR A COMMUNITY CONTROL VIOLATION WHEN THE COURT HAD RESERVED ONLY EIGHTEEN MONTHS.

Assignment of Error Number Two

THE TRIAL COURT ERRED BY IMPOSING A TWO-YEAR PRISON TERM FOR A FOURTH-DEGREE FELONY.

{¶4}   In his two assignments of error, Dunbarr argues that the court erred in imposing a two-year prison sentence for his community control violation because the sentence (1) exceeded the maximum sentence allowed for a felony of the fourth degree, and (2) exceeded the maximum prison sentence the court informed him could be imposed for a violation.   The State concedes error and we agree.

{¶5}   When reviewing criminal sentences, this Court first "examine[s] the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law."  *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 26.  A maximum prison sentence for a felony of the fourth degree is eighteen months.  R.C. 2929.14(A)(4).

---

[1] The record does not contain an order to appear so it is unclear what Dunbarr had been ordered to appear for.

{¶6} The court's two year prison sentence for Dunbarr's robbery conviction, a felony of the fourth degree, is outside of the statutory range and is, therefore, contrary to law. R.C. 2929.14(A)(4); *See State v. Swift*, 12th Dist. Butler No. CA2013-08-161, 2014-Ohio-2004, ¶ 32. Additionally, when imposing a prison sentence for a community control violation a court may not exceed the prison term that the offender was notified may be imposed upon a community control violation. R.C. 2929.15(B)(2); *See State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 29. Because Dunbarr's sentence did not comply with R.C. 2929.14(A)(4) or R.C. 2929.15(B)(2), it is contrary to law.

{¶7} Dunbarr's first and second assignments of error are sustained. We vacate Dunbarr's sentence and remand the case to the trial court for resentencing.

III

{¶8} Dunbarr's assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

STEPHAN P. HARDWICK, Assistant Public Defender, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.