[Cite as *State v. Rich*, 2014-Ohio-4623.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-01-002 |
| | : | O P I N I O N |
| - vs - | | 10/20/2014 |
| | : | |
| DANIEL GUY RICH, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR13-05-0849


Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Jonathan N. Fox, 8310 Princeton-Glendale Road, West Chester, Ohio 45069, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Daniel Guy Rich, appeals from a decision of the Butler County Court of Common Pleas sentencing him to a total prison term of 72 months. For the reasons detailed below, we affirm.

{¶ 2} On May 17, 2013, appellant, while intoxicated, drove his uninsured vehicle down Route 73 in Middletown, Ohio and collided with an oncoming vehicle driven by Rose

Hughes. The Hughes vehicle had three passengers: William Hughes, Spirit Caskey, and a four-month-old child.  As a result of the accident, Caskey was thrown from the vehicle and sustained severe injuries, including a broken pelvis, which required her to use a wheelchair throughout recovery.  Rose Hughes and William Hughes also suffered injuries as a result of the collision. Fortunately, the four-month-old child was not seriously harmed.

{¶ 3}    Appellant was subsequently indicted for six counts, including: (1) three counts of aggravated vehicular assault in violation of R.C. 2903.08, each a third-degree felony; (2) two counts of operating a vehicle under the influence in violation of R.C. 4511.19, both first-degree misdemeanors; and (3) one count of operating a motor vehicle without a valid license in violation of R.C. 4510.12, a first-degree misdemeanor.

{¶ 4}    The parties reached a plea agreement.  As a result, appellant pled guilty to the first two counts of aggravated vehicular assault.  The remaining charges contained in the indictment were merged.

{¶ 5}    The trial court ordered a presentence investigation and conducted a sentencing hearing.  Appellant presented mitigating testimony offered by two individuals at the hearing. After hearing the evidence, the trial court sentenced appellant to 48 months in prison on count one and 24 months in prison on count two and ordered that those sentences be served consecutively.  Appellant now appeals, raising three assignments of error for review.

{¶ 6}    Assignment of Error No. 1:

{¶ 7}    THE TRIAL COURT ERRED BY SENTENCING DEFENDANT TO CONSECUTIVE SENTENCES.

{¶ 8}    In his first assignment of error, appellant argues the trial court erred by failing to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences. We find no merit to appellant's argument.

{¶ 9}    Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step

analysis and make certain findings before imposing consecutive sentences. *State v. Setty*, 12th Dist. Clermont No. CA2013-06-049, 2014-Ohio-2340, ¶ 112. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 10} "A trial court satisfies the statutory requirement of making the required findings when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria." *Setty* at ¶ 113, citing *State v. Sturgill*, 12th Dist. Clermont No. CA2013-01-002, 2013-Ohio-4648, ¶ 48. When imposing consecutive sentences, a trial court is not required to articulate reasons to support its findings, or "to give a talismanic incantation of the words of the statute." *State v. Bonnell,* ___ Ohio St.3d ___, 2014-Ohio-3177, ¶ 29. However, the record must be sufficient for a reviewing court to determine that the court has engaged in the required sentencing analysis and has made the findings required by the

statute. *Id.* at ¶ 36. In *Bonnell*, the Ohio Supreme Court clarified that a trial court must announce the requisite consecutive findings at the sentencing hearing, and the court must incorporate those findings into the sentencing entry. *Id.* at syllabus.

{¶ 11} Here, the record reflects that the trial court made the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences. The trial court found that consecutive sentences were necessary to protect the public and punish the offender. The trial court also found that consecutive sentences were not disproportionate to the seriousness of the conduct. Furthermore, the trial court found that appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime.[1] Specifically, the court stated:

> The sentences will run consecutive to one another.
>
> The Court will find under the circumstances of this case that the presumption regarding concurrent sentences has been rebutted. That * * * it is necessary that consecutive sentences be imposed in order to adequately protect the public, punish the Defendant, and that the imposition of consecutive sentences is not disproportionate.
>
> And I'll further find that the harm is so great or unusual that a single term does not adequately reflect the seriousness of the Defendant's conduct. And the Defendant's criminal history shows that consecutive terms are needed to protect the public.

The trial court's findings were also journalized in its sentencing entry.

{¶ 12} From the trial court's statements at the sentencing hearing and the language utilized in the sentencing entry, it is clear that the trial court complied with the dictates of R.C. 2929.14(C)(4). Accordingly, the trial court did not err by imposing consecutive sentences in this matter. Appellant's first assignment of error is overruled.

{¶ 13} Assignment of Error No. 2:

---

1. For example, the trial court noted "there's a lot in his record to suggest that he has a horrible substance abuse problem. He's got prior DUIs, a prior fleeing, eluding and I believe he went to prison for [that offense]."

- 4 -

{¶ 14} THE TRIAL COURT ERRED BY CONSIDERING NON-STATUTORY SENTENCING FACTORS.

{¶ 15} In his second assignment of error, appellant argues the trial court erred by considering nonstatutory factors in the imposition of his prison term. Specifically, appellant complains the trial court inappropriately considered evidence that he did not have a driver's license or automobile insurance at the time of the accident. As a result, appellant argues that his sentence is contrary to law. We disagree.

{¶ 16} "The standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences." *State v. Grisham*, 12th Dist. Warren No. CA2013-12-118, 2014-Ohio-3558, ¶ 44, quoting *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "the appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." *State v. Olvera*, 12th Dist. Butler No. CA2012-10-199, 2013-Ohio-3992, ¶ 8; *State v. Pearce*, 12th Dist. Clermont No. CA2013-01-001, 2013-Ohio-3484, ¶ 24. However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." *Grisham* at ¶ 44; *State v. Jackson*, 12th Dist. Butler No. CA2013-10-192, 2014-Ohio-3779, ¶ 35.

{¶ 17} Instead, an appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or (2) "[t]hat the sentence is otherwise contrary to law." *Crawford* at ¶ 7; *Pearce* at ¶ 25. A sentence is not clearly and convincingly contrary to law where the record supports the trial court's findings under R.C. 2929.14(C)(4) and where the

trial court considers the purposes and principles of R .C. 2929.11, as well as the factors listed in R.C. 2929.12, and sentences within the permissible statutory range. *Olvera* at ¶ 8; *State v. Swift*, 12th Dist. Butler No. CA2013-08-161, 2014-Ohio-2004, ¶ 31.

{¶ 18} According to R.C. 2929.12(B)(2), conduct may be considered more serious when "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." The factors set forth in R.C. 2929.12 are non-exclusive and provides that the trial court may consider "any other relevant factors." R.C. 2929.12 (B).

{¶ 19} Appellant was convicted of two counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), a third-degree felony. The possible prison term for that offense is 12, 18, 24, 30, 36, 42, 48, 54, or 60 months. R.C. 2929.14(3)(a). Thus, the trial court's imposition of a 48-month sentence on count one and a 24-month sentence on count two fell within the permissible statutory range for the offense.

{¶ 20} In making its sentencing decision, the trial court considered all of the relevant seriousness and recidivism factors set forth in R.C. 2929.11 and R.C. 2929.12. The trial court also noted the serious physical harm suffered by the victims as a result of appellant's actions and prior criminal history, as well as his substance abuse problem.

> The Court has considered the purposes and principles of sentencing. The Court has weighed the recidivism and the seriousness factors.
>
> * * *
>
> The Court will find that the Defendant in this case was cooperative. He is remorseful. I don't think he's an ill spirited or mean person. He's probably a great guy. But he's made some very bad, very poor decisions regarding when he should drive, what he should drive, whether he should have insurance. And all those bad decisions culminated on this evening to cause some very serious injuries to some innocent people.

{¶ 21} Based on our review, we find no error in the trial court's imposition of sentence. The court considered the relevant seriousness factors and other relevant factors as set forth

in R.C. 2929.12. The record does not demonstrate that the trial court considered any inappropriate factor not permitted by law.[2] Accordingly, we find that appellant's sentence is supported by the record and is not contrary to law. Appellant's second assignment of error is overruled.

{¶ 22} Assignment of Error No. 3:

{¶ 23} THE TRIAL COURT ERRED BY NOT TREATING THE TWO COUNTS OF AGGRAVATED VEHICULAR ASSAULT AS ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 24} In his third assignment of error, appellant alleges the trial court erred by failing to merge the two counts of aggravated vehicular assault. Appellant's argument is without merit.

{¶ 25} The Ohio Supreme Court has set forth a test to determine whether offenses are allied offenses of similar import under R.C. 2941.25. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. Under the *Johnson* test, the first inquiry focuses on whether it is possible to commit the offenses with the same conduct. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 75, citing *Johnson* at ¶ 48. In making this determination, it is not necessary that the commission of one offense would always result in the commission of the other. *State v. Kwambana*, 12th Dist. Clermont No. CA2013-12-092, 2014-Ohio-2582, ¶ 9. Rather, the question is merely whether it is possible for the offenses to be committed with the same conduct. *Id*.

{¶ 26} If it is possible to commit both offenses with the same conduct, the court must

---

2. In fact, we note the record reflects it was appellant who repeatedly brought up the issue of automobile insurance when arguing for leniency, as appellant argued that he intended on fully compensating the victims following his release from prison. Indeed, the trial court clearly expressed a desire to move on to other topics, noting "I don't know. You know what? I'm not going to make this sentencing hearing about some civil liability insurance coverage." The trial court re-emphasized this point when the issue was raised again by appellant's trial counsel: "this is a criminal sentencing hearing. I'm not making it about a restitution hearing. I'm not making it about an insurance coverage hearing. I'm not making it about a hearing whether or not an attorney should warrant on behalf of his client that restitution will be paid. It's not what this is about."

next determine whether the offenses were in fact committed by the same conduct, that is, by a single act, performed with a single state of mind. *Kinsworthy* at ¶ 76. If so, the offenses are allied offenses of similar import and must be merged. *Id.*; *Johnson* at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. *State v. Lane*, 12th Dist. Butler No. CA2013-05-074, 2014-Ohio-562, ¶ 10, citing *Johnson* at ¶ 51.

{¶ 27} As we have previously held, "where a defendant's conduct injures multiple victims, the defendant may be convicted and sentenced for each offense involving a separate victim. *State v. Phelps*, 12th Dist. Butler No. CA2009-09-243, 2010-Ohio-3257, ¶ 16; *State v. Watkins*, 1st Dist. Hamilton No. C-120567, 2013-Ohio-4222, ¶ 16 ("where * * * an offense is defined in terms of conduct towards 'another,' there is a dissimilar import for each person affected by the conduct").

{¶ 28} Here, appellant's conduct caused serious physical harm to three victims and seriously endangered a fourth victim, a four-month-old child. The injuries sustained by Caskey were particularly devastating, as she was thrown from the vehicle and sustained a broken pelvis and was confined to a wheelchair. In addition, the driver and passenger, Rose Hughes and William Hughes also suffered injuries as a result of the accident. As a result of a plea bargain, appellant pled guilty to only two counts of aggravated vehicular assault. Accordingly, the trial court properly sentenced appellant to two counts of aggravated vehicular assault. Appellant's third assignment of error is not well-taken.

{¶ 29} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.